NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DEL SAGRARIO BAUTISTA-VAZQUEZ, AKA Maria Del Sagaris Bautista-Vazquez,<br><br>  Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>  Respondent. | No. 16-70053<br><br>Agency No. A202-055-376<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022**
San Francisco, California

Before: BYBEE and R. NELSON, Circuit Judges, and MORRIS,*** District Judge.

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Maria Bautista-Vazquez, a native and citizen of Mexico, petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing her appeal from an Immigration Judge's denial of her petition for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]  Exercising our jurisdiction under 8 U.S.C. § 1252, we review the BIA's decision for substantial evidence, *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021), and deny the petition.

To be eligible for asylum, the petitioner must show that her treatment rises to the level of past persecution or supports a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* at 1059 (quoting 8 U.S.C. § 1101(a)(42)(A)).  To be eligible for withholding of removal, the petitioner must discharge this burden by showing a clear probability of persecution.  *Id.*  "Determining whether the facts compel a conclusion of past persecution is ultimately a fact-bound endeavor that is not reducible to a set formula.  The inquiry is 'heavily fact-dependent,'" and we consider several factors, such as whether the petitioner was subjected to significant physical violence, ongoing serious maltreatment, or fulfilled threats.  *Id.* at 1061–62.

---

[1] Although she states the legal standard for CAT claims, Bautista-Vazquez forfeited her CAT claim by failing to challenge the BIA's denial on appeal.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021).

Likewise, fear of future persecution must be supported by credible, direct, and specific evidence of an objectively reasonable fear. *Id.* at 1065. Not all harm or negative treatment is persecution, *id.* at 1061, and the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Bautista-Vazquez previously lived in the United States and returned to Mexico with her children. She alleges that she was robbed twice and did not report these to police. She was later the victim of an attempted armed robbery of her vehicle and reported the incident to police, who did not file a report on her behalf. She received frequent threatening telephone calls demanding money expressly based on her children's U.S. citizenship, and her father-in-law filed a police report. Finally, one of her children's schoolteachers notified her that an unauthorized man tried to take her child from school. The police told her that they would not assist because her child was not Mexican and that she would need to pay a filing fee. Bautista-Vazquez entered the U.S. without authorization soon after, and her in-laws received phone calls demanding money from her smugglers, who warned her not to return after she expressed willingness to testify against them but was never called upon to do so.

Substantial evidence supports the BIA's determination that Bautista-Vazquez failed to meet her burden of showing that her treatment rises to the level of persecution on account of a protected ground. She alleges no physical harm to herself or her children, the threats against her were never fulfilled, and there is an insufficient basis to conclude that the robbers or smugglers would still have an interest in her. *See Sharma*, 9 F.4th at 1065. Her voluntary return to Mexico with her children after living in the United States, as well as the ongoing safety of her in-laws in Mexico, undermine a reasonable fear of future persecution. *Id.* at 1066.

**PETITION DENIED.**

16-70053